ELECTRO MAGNETIC TOOL CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 7096.   Promulgated June 14, 1927.

INVESTED CAPITAL.—The value of patents and inventions protected by applications for patents determined for the purpose of invested capital.

*M. J. Sporrer, Esq.*, for the petitioner.
*W. H. Lawder, Esq.*, for the respondent.

This is a proceeding for the redetermination of deficiencies in income and profits taxes in the aggregate amount of $5,675.08 for the years 1918 and 1919, as asserted by the Commissioner. The whole amount is not in controversy.

The petitioner alleges that the Commissioner erred in excluding from its invested capital for the years 1918 and 1919, an amount of $25,925 for intangible assets as provided for by section 326 (a) (4) of the Revenue Act of 1918.

FINDINGS OF FACT.

The petitioner is an Illinois corporation with its principal office at Cicero.

Prior to December 10, 1908, George H. Rowe was the owner of United States Letters Patent No. 894,782; pending applications by him for United States Letters Patent Nos. 437,577 and 458,305; and pending application by him for British Letters Patent No. 15,874.

On or about December 10, 1908, Rowe and five associates organized the Electro Magnetic Tool Co., which purchased Rowe's patents, pending application, and the right to all subsequent improvements thereon for $26,000 par value of the corporation's stock, and $1,000 in cash. Of the $50,000 capital stock of the said corporation, $24,000 was subscribed for by Rowe's associates, who agreed to pay the corporation $100 per share, as and when called for by the Board of Directors. Between December 10, 1908, and January, 1910, the company expended $8,723.16 for labor and material used in improving and developing the patents and patent rights involved in this action. This amount was exclusive of its expenses for rent, heat, light, taxes, officers' salaries, etc., and was a capitalized development expense.

On January 20, 1910, the stockholders of the Electro Magnetic Tool Co. sold all of that corporation's assets, consisting of the patents and the improvements thereon, and also other property not exceeding a value of $2,000, to the Carthage & Western Illinois Electric Co. in consideration of $2,500 cash and $72,500 of the latter corporation's stock, which was issued to the stockholders of record of the Electro Magnetic Tool Co., which was dissolved. On January 20, 1910, the value of the patents and patent rights was $9,723.16. On or about January 15, 1910, approximately 51 shares at a par value of $100 per share of the capital stock of the Carthage & Western Illinois Electric Co. were subscribed for. On January 31, 1910, the name of the Carthage & Western Illinois Electric Co. was changed to Electro Magnetic Tool Co., the petitioner.

The capital stock of the petitioner outstanding on March 3, 1917, was $103,700, of an authorized issue of $125,000, one-fourth of $103,700 being $25,925, which latter amount petitioner included in its invested capital for the years 1918 and 1919, and which the respondent excluded from petitioner's invested capital.

OPINION.

TRUSSELL: The record of this action discloses that the predecessor corporation which acquired the patents and patent rights here in question issued to the inventor a portion of its capital stock and in addition paid to him $1,000 in cash, and that during the years 1908 and 1909 it made further investments in these patents and patent rights in the nature of capitalized development expenses so that at the time the predecessor corporation transferred these patents and patent rights to the petitioner, it had a cash investment therein in the amount of $9,723.16. The petitioner acquired all the assets of its predecessor for stock and cash and it appears that the $72,500 par value of stock of the petitioner issued to the stockholders of the predecessor company represented cash investments in patents and

patent rights in the amount of $9,723.16 and that the petitioner is entitled for the taxable year to have said patents and patent rights so acquired reflected in its invested capital at their cost value of $9,723.16.

> *The deficiency may be redetermined in accordance with the foregoing findings of fact and opinion upon 15 days' notice, pursuant to Rule 50. Judgment will be entered accordingly.*